United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| JOEL AGUIRRE, JR., | § | |
| (TDCJ # 2583123), | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-3926 |
| | § | |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| *Respondent*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Joel Aguirre, Jr., (TDCJ # 2583123), is currently in the Huntsville Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. On May 15, 2026, he filed a petition for writ of habeas corpus seeking to challenge his 2025 judgment of conviction in Harris County Cause Number 1899996. (Dkt. 1). He also sought leave to proceed *in forma pauperis*. (Dkt. 4).

On May 19, 2026, the Court denied Aguirre's motion to proceed *in forma pauperis*, finding that he had sufficient funds in his inmate trust account to pay the $5.00 filing fee for a habeas petition. (Dkt. 6). The Court ordered Aguirre to pay the filing fee by June 20, 2026. (*Id.* at 2). The Court also warned him that failing to comply as ordered would result in the Court dismissing his action without further notice under Federal Rule of Civil Procedure 41(b). (*Id.*). On June 16, 2026, the

1/3

Court granted Aguirre an extension of time in which to pay the filing fee, making it due by July 3, 2026. (Dkt. 9).

Despite the extension of time, Aguirre has failed to pay the filing fee, and his time to do so has now expired. His failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1. Aguirre's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice** for want of prosecution.

2. Any pending motions are **DENIED as moot**.

3. Aguirre is advised that upon a showing of good cause for failing to comply with the Court's May 19 Order, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be accompanied by payment of the $5.00 filing fee.

2/ 3

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on _____July 23_____, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE